## Cook v. Walter Gabell Building and Loan Association

*Maurice M. Green*, for plaintiff; *Acker, Manning & Brown*, for defendant.

FINLETTER, P. J., October 5, 1933.—Plaintiff was a stockholder in defendant association. In August 1932 he gave notice of withdrawal, and demanded pay-

ment of the value of his stock. A year elapsed without change in the situation, except the effect of lapse of time upon the plaintiff's status.

On June 9, 1933, by resolution, defendant's directors approved a plan of merger of defendant with another association, and directed that it be submitted to a special meeting of the defendant's stockholders called for July 12, 1933. At this meeting, by majority vote, the proposed merger was approved. The certificate of merger or consolidation has not yet been issued by the Secretary of the Commonwealth.

Plaintiff did not vote at the stockholders' meeting and is unwilling that the merger be effected. He has demanded payment of the withdrawal value of his stock. On August 30, 1933, he filed this bill in equity praying that the merger be enjoined or that he be paid the value of his stock.

Preliminary objections are filed by defendant, denying that plaintiff has any right to the equitable action he prays, because he has not followed the procedure prescribed by section 1009 of the Building and Loan Code of May 5, 1933, P. L. 457. Defendant also urges that under the code plaintiff is conclusively presumed to have assented to the merger.

Section 1009 provides: "A. If any shareholder of an association which becomes a party to a plan of merger or consolidation shall file with such association, prior to or at the meeting of shareholders at which the plan of merger or consolidation is submitted to a vote, a written objection to such plan of merger or consolidation, and shall not vote in favor thereof, and such shareholder, within twenty days after the merger or consolidation was effected, shall make written demand on the surviving or new association for the payment of the fair value of his shares as of the day prior to the date on which the vote was taken approving the merger or consolidation, without regard to any depreciation or appreciation thereof in consequence of the merger or consolidation, the surviving or new association shall pay to such shareholder the fair value of his shares upon surrender of the share certificate or other evidence of his shares. The demand of the shareholder shall state the number and kind of the shares owned by him. Any shareholder failing to file such written objection or to make demand within the twenty-day period shall be conclusively presumed to have consented to the merger or consolidation, and shall be bound by the terms thereof."

Section 1010 provides that "Upon the issuance of the certificate of merger or the certificate of consolidation by the Department of State, the merger or consolidation shall be effective."

Plaintiff argues that the merger was still not "effected" when he filed his bill, and by the terms of the code he has 20 days "after merger or consolidation was effected" to make "written demand for payment," and that his bill may be and should be regarded as such a "written demand." We agree that such is the effect of the bill. But defendant urges that plaintiff has not complied with the earlier part of the section, which, according to defendant, requires that a stockholder (1) file, prior to the stockholders' meeting, written objection to the merger, and (2) shall not vote in favor, and (3) make written demand for payment within 20 days after merger.

Defendant argues that plaintiff must do all of the acts enumerated or be regarded as consenting to the merger, and it is true as it points out that the phrases are connected by the word "and", which would seem to confirm defendant. But it must be noted that this part of the section is not dealing with the status of the stockholder as assenting or dissenting but with his right to demand payment of the full value of his stock by the new association. The act provides that if he does all these things he shall be entitled to payment.

200

The provisions which seek to regulate his status follow later. They are that he shall indicate his dissent in writing before the meeting or within 20 days after merger is effected.

It seems to us that a double notice (which defendant argues is necessary to prevent assent being assumed) would be unnecessary to produce the result aimed at by the act, which obviously is to compel stockholders to take a definite position on the subject at the time the merger is made, and to prevent their lying by for 6 years to take chances on the result of the merger. This purpose would be fully served if the stockholder took either the first or third course, i. e., if he filed a written objection at the meeting or if he later, within 20 days after merger was effected, indicated his dissent in writing. It would seem to be quite unnecessary to require him to notify the association twice of his dissent. But, as we have said, the first part of the section was not dealing with the consequences of failure to dissent, but with the right of immediate payment if the stockholder had in fact dissented. Later in the act the consequences of failure to dissent are dealt with. But here the act speaks in the alternative. This provision is: "Any stockholder failing to file such written objection [i. e., the first one to be filed before the meeting] or to make demand within the twenty-day period [i. e., the one which is to be made after effective merger] shall be conclusively presumed to have consented to the merger".

This is certainly in the alternative. It is our opinion that a stockholder is not to be regarded as consenting to a merger unless he has failed to make both of the written objections spoken of; and that if he does either he fully indicates his dissent so as to prevent his assent being presumed.

As we have said, the plaintiff's bill, filed as it was within the 20-day period, is such a written demand for payment.

We express no opinion upon the other interesting and fundamental questions adverted to in the argument, such as the legislative right to force a stockholder into membership of a new corporation or the operation of the act, supposing it to be constitutional, upon a withdrawing stockholder.

These questions do not arise, since we hold that the plaintiff has sufficiently indicated his dissent to prevent the act operating against him.

We dismiss the demurrer, with leave to the defendant to answer within 15 days.